UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PANZL,<br><br>         Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., ERIC MENNEL, and DOES 1 to 100, inclusive,<br><br>         Defendants. | Case No.: 3:25-cv-2046-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is Plaintiff's Ex Parte Application to File Plaintiff's Opposition to Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint Out of Time ("Ex Parte Application"), filed on October 20, 2025. (ECF No. 15.)

  On September 5, 2025, Plaintiff Timothy Panzl ("Plaintiff") filed a First Amended Complaint ("FAC"). (ECF No. 8.) On September 19, 2025, Defendant United Airlines, Inc. ("United") filed a Motion to Partially Dismiss Plaintiff's FAC ("Motion to Dismiss") with a hearing date of October 27, 2025. (ECF No. 12.)

  On October 16, 2025, Plaintiff filed an Opposition to Defendant's Motion to Dismiss. (ECF No. 13.) On October 20, 2025, Defendant United filed a Reply in Support of its Motion to Dismiss. (ECF No. 14.)

On October 20, 2025, Plaintiff filed the pending Ex Parte Application, requesting the Court to accept the late filing of his October 16, 2025 Opposition. (ECF No. 15.) On October 21, 2025, Defendant United filed a Notice of Intent to Oppose Plaintiff's Ex Parte Application. (ECF No. 16.) On October 22, 2025, Defendant United filed an Opposition to Plaintiff's Ex Parte Application. (ECF No. 17.)

Local Civil Rule 7.1(e)(2) provides that:

> [E]ach party opposing a motion, application, or order to show cause must file that opposition or statement of non-opposition with the Clerk and serve the movant or the movant's attorney not later than fourteen (14) calendar days prior to the noticed hearing . . . However, if the second Monday prior to the Monday hearing is a holiday, then the opposition papers must be filed and served no later than three (3) Fridays prior to the noticed hearing.

S.D. Cal. Civ. L.R. 7.1(e)(2). Here, Defendant United filed its Motion to Dismiss with a noticed hearing date of October 27, 2025. (*See* ECF No. 12.) Pursuant to Local Rule 7.1(e)(2), Plaintiff's Opposition was due on October 10, 2025—three Fridays prior to the noticed hearing date of October 27, 2025—because October 13 is a federal holiday. Plaintiff instead filed his Opposition on October 16, 2025, six days late.

Federal Rule of Civil Procedure 6(b) states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Plaintiff filed his Ex Parte Application to permit late filing on October 20, 2025—ten days after the October 10, 2025 deadline set by L.R. 7.1(e)(2) expired. (*See* ECF No. 15.) Because Plaintiff filed the pending Ex Parte Application "after the time has expired," the Court has discretion to grant Plaintiff's Ex Parte Application upon a finding of excusable neglect and good cause. *See* Fed. R. Civ. P. 6(b).

"'[E]xcusable neglect' under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (quotation omitted). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

Plaintiff contends that the "brief delay resulted from a calendaring oversight: the calendar clerk responsible for tracking deadlines in this matter was not included on the service list for this motion . . . The omission [from the calendar] was not detected until after the deadline had passed." (ECF No. 15 at 3.) Plaintiff contends that the delay does not prejudice Defendant United because it "has already filed its Reply . . . and the Court's schedule will not be materially impacted." (*Id.* at 3.)

In response to Plaintiff's contention that the delay occurred because a calendar clerk was not included on the service list, Defendant United attaches an exhibit demonstrating that the Notice of Electronic Filing of the Motion to Dismiss was electronically mailed to several of Plaintiff's attorneys. (ECF No. 17 at 2; ECF No. 17-3 at 2.) Defendant United contends that it suffered prejudice because "Plaintiff's untimely filing . . . significantly shortened the time period for which [Defendant United] had to prepare a reply brief" and caused Defendant United's counsel to "work on the Reply brief over the weekend." (ECF No. 17 at 3.)

After considering the parties' submissions, the Court finds no evidence of bad faith and concludes that Plaintiff's delay in filing his Opposition was an inadvertent calendaring mistake. A calendaring mistake, while not a "compelling excuse," may serve as the basis for finding excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (affirming finding of excusable neglect caused by calendaring mistake). No danger of prejudice to the non-movant exists here because Defendant United has already filed its Reply and Plaintiff's untimely filing occurred early in the proceedings. *See Anticancer, Inc. v. Fujifilm Med. Systems U.S.A., Inc.*, No. 09-cv-1131, 2010 WL 11462856, at *2 (S.D.

Cal. Apr. 9, 2010) (finding no prejudice when the delay resulted from inadvertence and occurred early in the proceedings). Additionally, the Court will provide Defendant United the opportunity to submit supplemental briefing. The Court finds that Plaintiff's failure to file a timely Opposition to the Motion to Dismiss constitutes excusable neglect. The Court further finds that good cause exists to grant Plaintiff's Ex Parte Application. *See Ahanchian*, 624 F.3d at 1259 (finding good cause to grant a one-week extension where there was no indication of bad faith or prejudice).

IT IS HEREBY ORDERED that Plaintiff's Ex Parte Application (ECF No. 15) is granted. The Court excuses the late filing of Plaintiff's Opposition (ECF No. 13) and will consider the Opposition when ruling on Defendant United's Motion to Dismiss (ECF No. 12).

Given the late filing of Plaintiff's Opposition, IT IS FURTHER ORDERED that Defendant United may file supplemental briefing in support of its Motion to Dismiss (ECF No. 12) no later than seven days from the entry of this Order.

Dated: October 27, 2025

Hon. William Q. Hayes
United States District Court