UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PANZL,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.; ERIC MENNEL; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No.:  3:25-cv-02046-WQH-DEB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendant United Airlines, Inc.'s Motion to Partially Dismiss Plaintiff's First Amended Complaint. (ECF No. 12.)

## I.    PROCEDURAL BACKGROUND

On June 5, 2025, Plaintiff Timothy Panzl ("Plaintiff") initiated this action by filing a Complaint against Defendants United Airlines, Inc. ("Defendant" or "United") and Eric Mennel ("Mennel") in the Superior Court of California for the County of San Diego, Case No. 25CU029301C, asserting ten causes of action. (ECF No. 1-3.)

On August 8, 2025, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.)

On August 15, 2025, Defendant filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 4.)

1

On September 5, 2025, Plaintiff filed a First Amended Complaint ("FAC") against Defendants United and Mennel. (ECF No. 8.)

On September 9, 2025, the parties filed a Joint Stipulation Regarding Dismissal of Individual Defendant Eric Mennel. (ECF No. 9.) The Court dismissed Mennel as a defendant on September 12, 2025. (ECF No. 11.)

On September 12, 2025, the Court denied Defendant's first Motion to Dismiss as moot due to the filing of the FAC. (ECF No. 10.)

On September 19, 2025, Defendant filed the pending Motion to Partially Dismiss Plaintiff's FAC ("Motion to Dismiss"). (ECF No. 12.)

On October 16, 2025, Plaintiff filed a Response in Opposition to the Motion to Dismiss. (ECF No. 13.) On October 20, 2025, Defendant filed a Reply. (ECF No. 14.)

## II.   ALLEGATIONS IN THE FAC

Plaintiff is a "63-year-old Caucasian male" who was employed as a flight attendant by United since October 7, 1990. (FAC ¶ 11.) Plaintiff was diagnosed with AIDS in or around May 2022, which "impacted major life activities." *Id.* ¶ 13. Plaintiff's illness "caused symptoms including fatigue, diarrhea, sleep disruption, and vertigo," which he "brought to the attention of various supervisors over the course of his employment." *Id.* ¶ 14(b).

Plaintiff's AIDS diagnosis "sometimes required him to take sick leave for worsening health or medical appointments." *Id.* ¶ 14(a). Although Plaintiff "always provided doctor['s] notes to justify his absences . . . he was consistently penalized [] for his absences." *Id.*

"As a result of [Plaintiff's] condition, beginning around approximately 2006, [Plaintiff] was approved for intermittent [Family and Medical Leave Act ("FMLA")] leave and complied with Defendant's requirement that he submit medical certifications twice per year, on a near yearly basis throughout the remainder of his employment." *Id.* ¶ 14(c). "Plaintiff utilized leave reasonably regularly with those certifications." *Id.*

3:25-cv-02046-WQH-DEB

"Defendant employs an attendance point system that . . . penalizes individuals by applying attendance points for absences," including those caused by legitimate illness or disability. *Id.* ¶ 14(d). "If an employee reaches thirty (30) points, the employee is subject to termination." *Id.* The attendance point system "disproportionately impacts" people with chronic or serious medical conditions because those individuals are more likely to accumulate points. *Id.* Defendant's management knew about Plaintiff's "history of using FMLA leave for medical illness" and his "need to take more time off than similarly situated non-disabled employees" because Plaintiff was regularly required to file medical documentation to continue using the FMLA leave. *Id.* ¶ 14(e).

"Despite knowing of Plaintiff's disabilities," Defendant's managers and human resources ("HR") staff "increasingly harassed and repeatedly penalized [Plaintiff] for disability-related absences, issuing discriminatory write-ups, making warnings, and applying attendance points to his record." *Id.* ¶ 14(f). "Over the years, [Plaintiff] expressed opposition to the way he was treated for needing to take sick days." *Id.* ¶ 14(g).

In the period leading up to Plaintiff's termination, "Defendant stopped issuing attendance point warnings and abruptly shifted how his absences were addressed." *Id.* ¶ 14(h). On or around July 2023, Plaintiff "was suddenly notified his employment was being terminated." *Id.* ¶ 15. "Defendant's stated reason was that [Plaintiff] hit the 30 point limit when he called off work on June 22, 2023 due to illness." *Id.* Plaintiff called in prior to his shift on June 22, 2023 and "was notified he had been removed from the schedule[]." *Id.* "Plaintiff could have been easily accommodated by simply slotting in another flight attendant to take his shift." *Id.*

Plaintiff asserts ten causes of action against Defendant: (1) disability and age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, *et seq.*; (2) hostile work environment harassment on the bases of disability and age in violation of the FEHA; (3) retaliation in violation of the FEHA; (4) failure to provide reasonable accommodation in violation of the FEHA; (5) failure to engage in the interactive process in violation of the FEHA; (6) failure to prevent

discrimination, harassment, or retaliation in violation of the FEHA; (7) negligent hiring, supervision, and retention; (8) wrongful termination of employment in violation of public policy; (9) whistleblower retaliation in violation of Cal. Labor Code § 1102.5; and (10) intentional infliction of emotional distress ("IIED"). Plaintiff seeks general and special damages; exemplary damages; pre-judgment and post-judgment interest; attorneys' fees; costs; and declaratory relief. (FAC at 21–22.)

## III.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a

3:25-cv-02046-WQH-DEB

claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## IV.   CONTENTIONS

Defendant contends that Plaintiff's allegations are insufficient to state claims for age discrimination, harassment, negligent hiring and supervision, whistleblower retaliation, and IIED. (ECF No. 12-1 at 5.) In response, Plaintiff contends that: (1) the FAC "alleges sufficient facts to show that United's stated reasons for termination were pretextual and motivated by age discrimination"; (2) Plaintiff's harassment claim is sufficient where it arises out of the same facts as its disability discrimination claim; (3) the FAC adequately alleges facts pertaining to what United's supervisory and HR personnel knew or should have known, which plausibly support Plaintiff's claim for negligent hiring, supervision, and retention; (4) Plaintiff's statements opposing his punishment for disability-related absences constitute protected disclosures under Cal. Labor Code § 1102.5(b); and (5) the FAC sufficiently alleges discrimination in the workplace, which constitutes "extreme and outrageous" conduct sufficient to state an IIED claim. (ECF No. 13 at 4–10.)

## V.   DISCUSSION

### A. Age Discrimination in Violation of the FEHA

Defendant concedes that Plaintiff's "allegations are arguably sufficient on their face to plead claims for *disability* discrimination." (ECF No. 12-1 at 7 (emphasis added).) However, Defendant contends, the FAC fails to sufficiently allege *age* discrimination in violation of the FEHA because it "remains devoid of any allegations to show a purported 'causal nexus' between Plaintiff's termination and his age." *Id.* at 9. Plaintiff contends that the FAC "allow[s] a reasonable inference of pretext" for age discrimination because United's "sudden change in treatment and termination of [Plaintiff] after many years of service, when viewed against United's rigid attendance system, plausibly supports an inference of age discrimination." (ECF No. 13 at 5.)

The FEHA makes it unlawful for an employer to discriminate against an employee "because of" protected characteristics enumerated in the statute, including race, religious

3:25-cv-02046-WQH-DEB

creed, color, national origin, ancestry, physical or mental disability, reproductive health decisionmaking, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, and veteran or military status. *See* Cal. Gov't Code § 12940(a). California courts analyze employment discrimination claims under the FEHA using the *McDonnell Douglas Corp. v. Green* burden-shifting test. *Hittle v. City of Stockton*, 101 F.4th 1000, 1011–12 (9th Cir. 2024), *cert. denied*, 604 U.S. ___ (2025) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 355 (Cal. 2000). To establish a prima facie case, a plaintiff must allege that "(1) [the plaintiff] was a member of a protected class, (2) [the plaintiff] was qualified for the position he sought or was performing competently in the position he held, (3) [the plaintiff] suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Id.* "While the plaintiff's prima facie burden is not onerous, he must at least show actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a prohibited discriminatory criterion." *Id.* (quotations and citations omitted).

Plaintiff alleges that he is 63 years old. (FAC ¶ 11.) He further alleges that he had a "long career for more than three decades" at United. *Id.* ¶ 12. "The mere fact" that Plaintiff is above 40 years of age "does not give rise to the inference" that United's alleged adverse employment actions were "motivated by a desire to discriminate on the basis of [age]." *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1118 (Cal. Ct. App. 1998). Plaintiff does not allege any facts from which the Court could reasonably infer that "it is more likely than not" that United fired or otherwise mistreated Plaintiff based on his age. *Guz*, 24 Cal. 4th at 355. Plaintiff's remaining allegations related to his age discrimination claim are mere legal conclusions that the Court need not accept as true. *See, e.g.*, FAC ¶ 23 ("Plaintiff's age, disability (perceived and/or actual), and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.*, were substantial motivating reasons in

defendants' decision to terminate plaintiff's employment."); *Iqbal*, 556 U.S. at 681 (citing *Twombly*, 550 U.S. at 554–55).

Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the FAC fails to allege sufficient facts to support a claim for age discrimination in violation of the FEHA. Nothing alleged in the FAC suggests that Defendant had a discriminatory motive related to Plaintiff's *age*—as opposed to his disability—in any of its personnel actions. *See Zhu v. Spirent*, No. SACV 14-01981-JLS (DFMx), 2015 WL 13915192, at *11 (C.D. Cal. Feb. 11, 2015) (dismissing FEHA claim where plaintiff failed to adequately allege discriminatory motive). Defendant's Motion to Dismiss (ECF No. 12-1) is granted as to Plaintiff's age discrimination claim.

## B. Harassment in Violation of the FEHA

Defendant contends that Plaintiff fails to adequately plead his FEHA harassment claim because "Plaintiff does not allege a single fact to support a harassment claim . . . let alone facts to show that any conduct was sufficiently severe or pervasive as to alter the conditions of employment." (ECF No. 12-1 at 10.) Plaintiff contends that he states a claim for harassment by alleging that "his supervisors repeatedly applied attendance points and issued warnings for absences tied to his AIDS-related medical needs and approved medical leave," "despite knowing of his alleged disability." (ECF No. 13 at 7.) Plaintiff contends that these allegations "plausibly describe a workplace atmosphere permeated with discriminatory insult and ridicule directed at [Plaintiff's] need for accommodation and leave." *Id.* In response, Defendant contends that these allegations describe "routine personnel actions," which do not rise to the level of harassment under the FEHA. (ECF No. 14 at 7–8.)

The FEHA makes it unlawful for an employer to harass an employee "because of" their protected characteristics. *See* Cal. Gov't Code § 12940(j)(1). A violation of the FEHA's harassment prohibition occurs when "the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

environment." *Caldera v. Dep't of Corr. & Rehab.*, 25 Cal. App. 5th 31, 38 (Cal. Ct. App. 2018) (quotations and citations omitted). To state a claim for harassment in violation of the FEHA, a plaintiff must allege that "(1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 581 (Cal. Ct. App. 2019) (citing *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (Cal. Ct. App. 2010)).

California courts distinguish between harassment and discrimination claims under the FEHA using the concept of "delegable authority." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 64 (Cal. Ct. App. 1996). "[T]he exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment." *Id.* (citations omitted). This approach "place[s] discrimination and harassment in separate categories in regard to application of the FEHA; . . . discrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707 (Cal. 2009), *as modified* (Feb. 10, 2010). "Discrimination claims . . . arise out of the performance of necessary personnel management duties." *Janken*, 46 Cal. App. 4th at 63. By contrast, harassment claims arise out of "conduct that is avoidable and unnecessary to job performance," such as using "slurs or derogatory drawings, [] physically interfer[ing] with freedom of movement, [] engag[ing] in unwanted sexual advances, etc." *Id.* at 64.

Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the FAC fails to allege sufficient facts to support his claim for harassment in violation of the FEHA. Plaintiff contends that his harassment claim is "sufficient where it arises out of the same facts" as his discrimination claim. (ECF No. 13 at 6.) In support, Plaintiff cites the California Supreme Court's discussion of the "sometimes closely interrelated" nature

8

3:25-cv-02046-WQH-DEB

of discrimination and harassment claims in *Roby v. McKesson*. However, the Court in *Roby* explained that, although discrimination and harassment may overlap with regard to proof, "harassment is generally concerned with the *message* conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Roby*, 47 Cal. 4th at 708.

Here, the FAC fails to allege specific facts detailing a "situation[] in which the *social environment* of the workplace bec[ame] intolerable because the harassment . . . communicate[d] an offensive message" to Plaintiff. *Id*. at 706. Nor does the FAC allege how the personnel decisions resulting in Plaintiff's termination constituted "conduct that is avoidable and unnecessary to job performance," rather than the "necessary personnel management duties" that provide the basis for Plaintiff's discrimination claims. *Janken*, 46 Cal. App. 4th at 63–64; *see also Melendrez v. All Kids Academy*, No. 22-cv-1725-AGS-DDL, 2023 WL 6237979, at *6 (S.D. Cal. Sept. 25, 2023) (dismissing FEHA harassment claim where supervisor's decision forming the basis of the claim "could conceivably be necessary to performance of a supervisor's job"). Defendant's Motion to Dismiss (ECF No. 12-1) is granted as to Plaintiff's harassment claim.

### C. Negligent Hiring, Supervision, and Retention

Defendant contends that Plaintiff fails to state a claim for negligent hiring, supervision, and retention because he does not identify which employee created a risk of particular harm, "what particular harm this employee allegedly created, how United knew or should have known this employee created a risk of particular harm, or how that particular harm materialized." (ECF No. 12-1 at 11–12.)

Plaintiff contends that he sufficiently alleges that "supervisory and HR personnel knew or should have known, through years of twice-annual FMLA certifications and disclosures of AIDS-related symptoms," about his AIDS diagnosis. (ECF No. 13 at 7.) Plaintiff contends that he does not need to identify a specific supervisor or HR employee at this stage. *Id.* at 7–8. In reply, Defendant contends that "Plaintiff's allegations may be

sufficient to withstand a demurrer in California state court but that is not sufficient under the Federal Rules [of Civil Procedure]." (ECF No. 14 at 8.)

Under California law, negligent hiring, supervision, and retention occurs when "the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Doe v. Cap. Cities*, 50 Cal. App. 4th 1038, 1053 (Cal. Ct. App. 1996) (citing *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 836–37 (Cal. Ct. App. 1992)). "To establish negligent supervision, a plaintiff must show that a person in a supervisorial position over the actor had prior knowledge of the actor's propensity to do the bad act." *Z.V. v. Cnty. of Riverside*, 238 Cal. App. 4th 889, 902 (Cal. Ct. App. 2015) (citing *Margaret W. v. Kelley R.*, 139 Cal. App. 4th 141, 156–57 (Cal. Ct. App. 2006)).

Viewing the allegations in the light most favorable to Plaintiff, the Court finds that the FAC fails to allege sufficient facts to support his claim for negligent hiring, supervision, and retention. The FAC includes only general, conclusory assertions about Defendant's knowledge of Plaintiff's illness. But the question is not, as Plaintiff puts it, whether Defendant's management "knew or should have known . . . of [Plaintiff's] *AIDS disability*." (ECF No. 13 at 7–8 (emphasis added).) Instead, the question is whether Defendant's supervisors had "prior knowledge of" or should have known that the employees who allegedly mistreated Plaintiff had a "propensity" to discriminate, harass, or retaliate against Plaintiff. *Z.V.*, 238 Cal. App. 4th at 902. The FAC is devoid of facts to support this inference. Accordingly, the FAC fails to state a claim for negligent hiring, supervision, and retention. *See Melendrez*, 2023 WL 6237979, at *7 (dismissing negligent supervision claim where plaintiff failed to allege that defendant's board "knew or should have known" that defendant's employees were engaged in unlawful practices). Defendant's Motion to Dismiss (ECF No. 12-1) is granted as to Plaintiff's negligent hiring, supervision, and retention claim.

3:25-cv-02046-WQH-DEB

### D. Retaliation in Violation of California Labor Code § 1102.5

Defendant contends that Plaintiff fails to state a claim for retaliation in violation of Labor Code § 1102.5 because he does not adequately allege that he engaged in a protected activity or that a causal nexus existed between his protected activity and termination. (ECF No. 12-1 at 12.) Specifically, Defendant contends that Plaintiff fails to provide specific facts about his "opposition" to being penalized for taking sick days, such as "what he said, to whom, when, and how those complaints were allegedly connected to his termination." (ECF No. 14 at 9.)

Plaintiff responds that he "repeatedly reported his medical condition and need for sick leave to supervisors, and he opposed the way he was penalized [and terminated] for disability-related absences." (ECF No. 13 at 8.) He contends that these "communications to managers" qualify as protected disclosures under § 1102.5(b). *Id.* at 8–9. Plaintiff further contends that the "close temporal proximity between [his] protected statements and his termination, together with Defendant's abrupt shift in handling his attendance and the invocation of the 30-point policy, adequately supports a plausible causal inference" of retaliation. *Id.* at 9.

California Labor Code section 1102.5 provides in relevant part that

> [a]n employer . . . shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, . . . if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

Cal. Labor Code § 1102.5(b).

To establish a prima facie case of whistleblower retaliation under § 1102.5, a plaintiff "must show (1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) a causal link [exists] between the two." *St. Myers v. Dignity Health*, 44 Cal. App. 5th 301, 313 (Cal. Ct. App. 2019) (citations omitted); *see also Moreno v. UtiliQuest, LLC*, 29 F.4th 567, 575 (9th Cir. 2022).

3:25-cv-02046-WQH-DEB

### 1. *Protected Disclosure*

Protected disclosures under § 1102.5 "encompass[] reports or complaints of a violation made to an employer." *People ex rel. Garcia-Brower v. Kolla's, Inc.*, 14 Cal. 5th 719, 734 (Cal. 2023). The disclosing employee must have "reasonable cause to believe that the information discloses a violation" of law. Cal. Labor Code § 1102.5. The employee need not cite a specific statute in his disclosure that he believes his employer is violating, but he "must be able to point to some legal foundation for his suspicion" of unlawful activity. *Ross v. Cnty. of Riverside*, 36 Cal. App. 5th 580, 592–93 (Cal. Ct. App. 2019) (quotations and citation omitted). Routine "internal personnel disclosures" like complaints about "transferring employees, writing up employees, and counseling employees" do not fall within § 1102.5's protections. *Carter v. Escondido Union High Sch. Dist.*, 148 Cal. App. 4th 922, 935 (Cal. Ct. App. 2007) (citations omitted); *Mueller v. Cnty. of Los Angeles*, 176 Cal. App. 4th 809, 822 (Cal. Ct. App. 2009)).

Plaintiff alleges that, "[o]ver the years, [he] expressed opposition to the way he was treated for needing to take sick days." (FAC ¶ 14(g).) Plaintiff further alleges that he "raised complaints about violations of the FEHA, California Constitution, and Government Code Section 12900 *et seq.* while he worked for [Defendant]." *Id.* ¶ 78. The Court finds these allegations too conclusory and vague to adequately allege that Plaintiff engaged in a protected disclosure under § 1105.2.

In his Opposition brief, Plaintiff contends that he "repeatedly" made "communications to managers" complaining about his treatment and that he "corrected management that he had timely called in sick on June 22, 2023, such that Defendant's discipline or terminating him for his sick call violated leave and disability laws." (ECF No. 13 at 8–9.) Even if these statements were specific enough to plausibly allege that Plaintiff made a protected disclosure, the Court declines to consider them when ruling on the Motion to Dismiss because they do not appear in the FAC. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted) ("Generally, district courts may

not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").

### 2. *Causal Link*

"Circumstantial evidence such as proximity in time between protected activity and alleged retaliation may establish [the] causal link" required to state a claim under § 1102.5. *Hawkins v. City of Los Angeles*, 40 Cal. App. 5th 384, 394 (Cal. Ct. App. 2019) (citing *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 69 (Cal. Ct. App. 2000)). Even if a "long period elapsed between the protected activity and the termination[]," a plaintiff can still establish causation by showing that the defendant "engaged in a pattern of conduct consistent with a retaliatory intent." *Id.* (citing *Wysinger v. Automobile Club of S. Cal.*, 157 Cal. App. 4th 413, 421 (Cal. Ct. App. 2007)). The "employer's awareness [of the protected disclosures] is an essential component of the causal link." *Dowell v. Contra Costa Cnty.*, 928 F. Supp. 2d 1137, 1156 (N.D. Cal. 2013) (citing *Morgan*, 88 Cal. App. 4th at 70).

Plaintiff alleges that, "[o]ver the years, [he] expressed opposition" to and "raised complaints" about the way Defendant handled his health-related absences. (FAC ¶¶ 14(g), 78.) Even if this "opposition" constitutes a protected disclosure under § 1102.5, Plaintiff does not allege sufficient facts for the Court to determine the temporal proximity between the alleged disclosure and Plaintiff's termination. *Hawkins*, 40 Cal. App. 5th at 394 (citing *Wysinger*, 157 Cal. App. 4th at 421). Moreover, Plaintiff does not identify to whom he "expressed opposition" regarding his treatment. Plaintiff thus fails to adequately allege that Defendant was aware of his complaints—an "essential component" of establishing the required causal link between the protected disclosures and the adverse employment action. *Dowell*, 928 F. Supp. 2d at 1156 (citing *Morgan*, 88 Cal. App. 4th at 70); *see also Lapchak v. Paradigm Biopharmaceuticals (USA), Inc.*, No. 24-CV-143 JLS (DDL), 2025 WL 2231245 (S.D. Cal. Aug. 5, 2025) (finding that plaintiff did not sufficiently allege the causation element of his § 1102.5 claim because he "fail[ed] to identify to whom he allegedly complained or that the individuals responsible for terminating his employment had any reason to know that [he] purportedly complained").

The Court finds that the FAC fails to adequately allege both protected disclosure and causation. The Motion to Dismiss (ECF No. 12-1) is granted as to Plaintiff's claim for retaliation in violation of California Labor Code § 1102.5.

### E. Intentional Infliction of Emotional Distress

Defendant contends that Plaintiff fails to sufficiently plead his tenth cause of action for IIED because "[i]t is entirely unclear what [extreme and outrageous] conduct Plaintiff is referring to, whose conduct Plaintiff is referring to, or how that conduct has a causal nexus with Plaintiff's alleged emotional distress." (ECF No. 12-1 at 13.) Defendant contends that even if the alleged conduct caused Plaintiff emotional distress, his IIED claim fails because "personnel management actions which are a routine part of the employment relationship cannot support" an IIED claim. *Id.*

Plaintiff responds that Defendant "repeatedly penalized disability-related absences, abruptly stopped warnings, and fired him," which "caused severe emotional distress." (ECF No. 13 at 10.) He further contends that the facts giving rise to his disability discrimination claim satisfy the "extreme and outrageous conduct" of his IIED claim. *Id.*

Under California law, a cause of action for IIED requires that: (1) there is "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress"; (2) the plaintiff suffers "severe or extreme emotional distress"; and (3) the defendant's outrageous conduct actually and proximately caused the plaintiff's emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (Cal. 2009) (quotations and citations omitted). "An essential element of [IIED] is a pleading of outrageous conduct beyond the bounds of human decency." *Janken*, 46 Cal. App. 4th at 80 (citations omitted). "A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.'" *Hughes*, 46 Cal. 4th at 1051 (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (Cal. 1993)). "[M]ere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not constitute "outrageous" conduct. *Id.*

3:25-cv-02046-WQH-DEB

Personnel management decisions alone—even those made for discriminatory reasons—are insufficient to form the basis of an IIED claim. *See Janken*, 46 Cal. App. 4th at 80 ("Managing personnel is not outrageous conduct beyond the bounds of human decency . . . A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged."); *Jordan v. Alcon Rsch., Ltd.*, No. SACV 18-01254-CJC(DFMx), 2018 WL 6318825, at *2 (C.D. Cal. Sept. 14, 2018) (dismissing plaintiff's IIED claim where the "only basis for [Plaintiff's] IIED claim is Defendant's allegedly discriminatory termination of Plaintiff").

Plaintiff alleges that Defendant "consistently penalized" him for missing work, even though he received approval for FMLA leave, he submitted the required biannual medical certifications, and his supervisors knew that his absences "were excused due to his disabilities." (FAC ¶ 14(a)–(c).) Plaintiff further alleges that Defendant's management applied attendance points to his record and issued "discriminatory write-ups" and warnings about his absences. *Id.* ¶ 14(f). Plaintiff alleges that Defendant fired him "for needing a reasonable accommodation and for his disability." *Id.* ¶ 15. He alleges that he suffered "psychological and emotional distress, humiliation, and mental and physical pain and anguish due to Defendant's conduct." *Id.* ¶ 17. Viewing these allegations in the light most favorable to Plaintiff, the Court finds them insufficient to support his IIED claim. These allegations concern personnel management decisions. Even assuming that Plaintiff plausibly alleges a discriminatory motive behind this termination, Plaintiff fails to state an IIED claim because he alleges no facts that would support a reasonable inference of "extreme and outrageous conduct" by Defendant. *See Howe v. Target Corp.*, No. 20-cv-252-MMA (DEB), 2020 WL 5630273, at *13–14 (S.D. Cal. Sept. 21, 2020) (dismissing plaintiff's IIED claim because it "arose out of her termination," even though plaintiff plausibly alleged a wrongful termination claim).

Aside from the facts surrounding his termination, Plaintiff's FAC provides only conclusory allegations regarding "Defendant['s] discriminatory, harassing, and retaliatory

actions against plaintiff," which "Defendant w[as] aware. . . would devastate plaintiff and cause him extreme hardship." (FAC ¶ 84.) Accordingly, the Motion to Dismiss (ECF No. 12-1) is granted as to Plaintiff's IIED claim.

## VI.    LEAVE TO AMEND

Plaintiff requests leave to amend the FAC to cure any deficiencies. (ECF No. 13 at 10 & n.1.) Defendant contends that Plaintiff should not be granted leave to amend the FAC because "[d]espite being on notice of the deficiencies through meet and confer efforts and the initial motion to dismiss, Plaintiff did not take the opportunity to amend the complaint to address the deficiencies." (ECF No. 14 at 10–11.) Defendant contends that Plaintiff's late filing of his Opposition to the instant motion (ECF No. 13) warrants findings of delay and bad faith. (ECF No. 14 to 11.) Defendant further contends that "the defects are legal in nature and cannot be cured through further amendment" because "[Plaintiff's] Opposition does not identify any additional facts that could be added to cure those defects," and thus amendment would be futile. (ECF No. 14 at 11.)

After a party has amended a pleading once as a matter of course, it may amend further only "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Federal Rule of Civil Procedure 15 further mandates that "[t]he court should freely give leave when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d

3:25-cv-02046-WQH-DEB

at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

Here, Defendant has not made the requisite "strong showing" of prejudice or demonstrated that any of the remaining *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (emphasis omitted). Although Plaintiff has previously amended once as a matter of course, the Court finds that Defendant would not be unduly prejudiced by granting Plaintiff leave to amend, especially given the early stage of the litigation. The Court grants Plaintiff leave to amend the FAC to correct the deficiencies addressed in this Order.

## VII. CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 12-1) is granted. The following claims are dismissed without prejudice and with leave to amend: age discrimination in violation of the FEHA; harassment in violation of the FEHA; negligent hiring, supervision, and retention; retaliation in violation of California Labor Code § 1102.5; and intentional infliction of emotional distress.

IT IS FURTHER ORDERED that Plaintiff may file a Second Amended Complaint no later than twenty-one (21) days from the filing of this Order. If no Second Amended Complaint is filed, Defendant United shall file an Answer to the First Amended Complaint no later than thirty (40) days from the filing of this Order.

Dated:  May 18, 2026

Hon. William Q. Hayes
United States District Court

17

3:25-cv-02046-WQH-DEB